**RADIO BROADCASTING COMPANY**

v.

**The BELL TELEPHONE COMPANY OF PENNSYLVANIA and American Telephone and Telegraph Company.**

**Civ. A. No. 70-1460.**

United States District Court, E. D. Pennsylvania.

April 1, 1971.

J. Earl Epstein, Philadelphia, Pa., for plaintiff.

Irving R. Segal, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

MASTERSON, District Judge.

This is a motion to dismiss the Complaint filed by Radio Broadcasting Company (RBC) against the Bell Telephone Company of Pennsylvania (Bell) and American Telephone & Telegraph Com-

pany (AT&T). This motion is made pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure, on the ground that this Court lacks jurisdiction over the subject matter, because exclusive jurisdiction over the matter is reposed in the Federal Communications Commission (FCC).

The issue raised in the Complaint concerns the licensing of a station for one-way mobile radio service. One-way paging, or signaling, is a thriving communications technique used primarily by those engaged in professions and business. It enables the home office or base of operation to contact an individual while he is in transit or mobile. Each person using the service carries a pocket size radio receiver with him. When he is being paged, a transmitter sends a signal to the receiver, which then emits an audible tone or "beep" to alert the individual that he has a message.

Plaintiff, along with three competitors, is engaged in providing such a one-way radio signaling service to subscribers in the Philadelphia area. Although the defendants do not presently compete with plaintiff in the Philadelphia area, Bell has applied to the FCC for a construction permit for a new one-way signaling station to operate in the Philadelphia area. The relevant history which permitted this application to be made is instructive.

In 1964, AT&T, representing the Bell System of telephone companies, petitioned the Federal Communications Commission to institute a rule-making proceeding to determine whether the wireline [1] carriers should be granted the use of certain previously unassigned higher frequencies for paging services. After consideration of the comments filed by interested parties, the Commission, on May 13, 1968, decided to allocate one pair of higher frequencies to the wireline carriers and another pair to the non-wireline [2] carriers for use exclusively in providing a one-way signaling service to mobile receivers. The Commission's Order was challenged on the ground that it permitted the entry of wireline carriers into the paging industry on a large scale, which would destroy competition in the market. The Second Circuit affirmed the Order of the Commission, finding that the Rule was reasonable, and that the Commission had given adequate consideration to the alleged anti-trust consequences of the new Rule. Radio Relay Corporation v. Federal Communications Commission, 409 F.2d 322 (2d Cir. 1969).

Bell applied to the FCC under the new Rule (viz., 47 C.F.R. § 21.501(h)) for a construction permit for a new one-way signaling station to operate in the Philadelphia area on one of the two frequencies allocated to the wireline carriers. Plaintiff, RBC, submitted several pleadings before the FCC in opposition to this application. The thrust of RBC's first pleading, which was filed in October, 1968, is that the FCC should deny the application of Bell since it is contrary to the policies of the anti-trust laws. Then, on June 2, 1970, RBC filed the instant Complaint in this Court, followed by their filing with the FCC a supplement to their first pleading. This supplemental pleading requested the FCC to stay all action in Bell's application pending the outcome of the present Court action.

Plaintiff's Complaint in this Court is brought under the anti-trust laws and seeks to enjoin the defendants from prosecuting Bell's pending application before the FCC. In addition, plaintiff asks that the defendants' "threatened" establishment of their one-way paging

1. A wireline carrier is a communication common carrier which is engaged in the business of providing either a public landline message telephone service or public message telegraph service. A non-wireline carrier, or "miscellaneous common carrier", is a communication common carrier which is not engaged in either of such businesses. 47 C.F.R. § 21.1. The Bell System operating telephone companies are wireline carriers.

2. Id.

system in the Philadelphia area be declared unlawful and permanently enjoined.

In support of their motion to dismiss, defendants essentially make the following arguments: (1) the FCC, by statute, has exclusive original jurisdiction to consider Bell's application, and has special expertise which the Courts should not attempt to bypass; (2) in the interest of judicial economy, the Court should first allow the FCC to pass on Bell's application, for if the FCC were to deny it the instant action will then be moot; and (3) even if the application were granted RBC's Complaint is at least premature, since until the FCC has ruled upon Bell's application, the nature of the license granted, if any, and the terms and conditions which might be attached, cannot be known. To these arguments, plaintiff's essential response is that this Court is the only forum in which the plaintiff can obtain an authoritative decision as to whether or not Bell can enter the Philadelphia market without violating the federal anti-trust laws. The fact that the FCC is required by law to give adequate consideration to alleged anti-trust consequences before deciding whether a grant of Bell's application would be in the public interest[3] is dismissed by the plaintiff as inadequate to resolve the anti-trust issues raised in its complaint.

■ Initially, we are satisfied that the Complaint can be construed to assert a claim which properly invokes our subject matter jurisdiction, to wit, that defendants' entry into the Philadelphia market would be a violation of the Sherman Act (15 U.S.C. §§ 1, 2) because defendants would threaten to, or would in fact, project into the competitive market decisive business advantages stemming from Bell's telephone service and equipment monopolies. Accordingly, we will deny defendants' motion to dismiss.

■ Although we have decided to deny the defendants' motion to dismiss,

we are nonetheless persuaded by their arguments that the matter now pending before the FCC ought to be allowed to go forward. It will be recalled that in its Complaint, plaintiff, pursuant to 15 U.S.C. § 26, sought to have the defendants enjoined from prosecuting Bell's pending application before the FCC. It is clear that such a request invokes our traditional equity powers and, as such, is addressed to our discretion. In the exercise of that discretion we have decided to deny plaintiff's request so that the FCC may determine, after giving due consideration to the likely competitive effects[4] whether granting Bell's application will serve "the public interest, convenience, and necessity." If the FCC should deny Bell's application, the instant Complaint will be dismissed as moot. If the FCC should grant Bell's application, in whatever form, then plaintiff can renew its request to this Court for immediate injunctive and/or declaratory relief.

---

3. See United States v. RCA, 358 U.S. 334, 79 S.Ct. 457, 3 L.Ed.2d 354 (1959).

4. See Radio Relay Corporation v. Federal Communications Commission, 409 F.2d 322, 327–328 (2d Cir. 1969).